IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 7:98-1169-HMH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Kenneth Junior Smith, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Kenneth Junior Smith's ("Smith") motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and a motion to appoint counsel. Based on the following, the court denies Smith's motions.

On April 6, 1999, a jury convicted Smith of one count of conspiracy to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; three counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On June 14, 1999, Smith was sentenced to life imprisonment. Smith appealed his sentence, and on February 14, 2000, the United States Court of Appeals for the Fourth Circuit affirmed Smith's sentence. On April 17, 2007, Smith filed the instant motions.

Section 3582(c)(2) provides the following:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if

1

such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In his motion for a reduction of sentence, Smith "asserts that he is entitled to a reduction in his offense level claiming that he was punished twice for the same offense." (Def.'s Mot. Reduction Sentence 4-5.) Specifically, Smith claims that a four-level enhancement he received pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(5) violates Amendment 599 to the U.S.S.G., and that his sentence should be reduced accordingly. (Id. 4-5.) Smith's argument is without merit.

On November 1, 2000, U.S.S.G. Amendment 599 went into effect. U.S.S.G. § 1B1.10 made Amendment 599 retroactive. "Amendment 599 addresses the circumstances under which a court may impose a weapons enhancement on a defendant convicted of a violation of 18 U.S.C. § 924(c)." United States v. Smalls, 444 F. Supp. 2d 500, 501 (D.S.C. 2006). Smith was not convicted of violating 18 U.S.C. § 924(c). "Thus, Amendment 599 does not apply to or modify the guidelines under which he was sentenced." Id. at 501 (internal quotation marks omitted); see also U.S. v. Boyd, No. 02-6439, 2002 WL 1790221, at *1 (4th Cir. Aug. 5, 2002) (unpublished) (finding that the district court "erroneously concluded that Amendment 599 applied to [Defendant's] conviction under 18 U.S.C. § 922(g)"). Based on the foregoing, Smith's motion for a reduction of sentence and motion to appoint counsel are denied.

Therefore, it is

**ORDERED** that Smith's motion for a reduction of sentence, docket number 98, is denied. It is further

**ORDERED** that Smith's motion to appoint counsel, docket number 99, is denied.

**IT IS SO ORDERED**.

                                      s/Henry M. Herlong, Jr.
                                      United States District Judge

Greenville, South Carolina
April 24, 2007

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.